RECEIVED
IN LAKE CHARLES, LA
NOV - 5 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **DAVID M. RATCLIFF** | **DOCKET NO. 2:08-cv-426** |
| VS. | SECTION P |
| **JOE KEFFER** | JUDGE TRIMBLE |
| | MAGISTRATE JUDGE KAY |

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2241) filed on March 27, 2008, by *pro se* petitioner David M. Ratcliff, Federal Prisoner Number 04558-043. Doc. 1. Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP). He is currently incarcerated at USP Coleman I in Coleman, Florida. However, he was housed at the Federal Correctional Institute at Oakdale, Louisiana (FCI-O) at the time he filed this matter. *Id.* at 17. Further, his petition involves actions that allegedly occurred while he was incarcerated at USP Pollock, in Pollock, Louisiana. *Id.* at 7-9. Petitioner names Joe Keffer as his defendant.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

### *Statement of the Case*

On August 23, 2007, while housed at Pollock, petitioner was charged with violation of prohibited act, Code 305, Possession of Anything Not Authorized. Doc. 1, at 7. More specifically, the incident report and other documentation provided by petitioner states that while on trash call in the Health Services area, he was observed acting in a suspicious manner in the Health Services' supply closet. *Id.* Thereafter, when he was attempting to remove the trash from this area, he was

stopped and the trash was later searched by staff members. *Id.* The search revealed that two of the trash bags contained 11 new Sharpie markers and 13 new packages of correction tape, along with a new note pad. *Id.* Petitioner was assigned the job of Health Service Orderly at the time of this incident. *Id.*

The Unit Discipline Committee (UDC) held a hearing on the incident on August 27, 2007, where it was found that petitioner committed the prohibited act. *Id.* As a result, petitioner lost his job and housing assignments. *Id.* The same day, petitioner appealed the committee's finding and claimed that as the medical orderly it was his duty to remove the trash and that he had no idea what was in the trash bags. *Id.* at 8. The appeal was denied on September 18, 2007. *Id.* at 9. Petitioner appealed again, however, on September 24, 2007, claiming to have new exculpative evidence in the form of an affidavit from inmate Bernard Ledlow, in which Ledlow claimed that he placed the items in the trash bags. *Id.* at 10-12. This appeal was also denied by the warden on October 12, 2007. Also, later appeals taken to the regional director and the administrator of national inmate appeals were also denied. *Id.* at 13-15.

## *Law and Analysis*

As a preliminary matter, this court is called upon to determine whether to treat plaintiff's pleading as a petition for *habeas corpus* as plaintiff advances, or as a civil rights complaint under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).[1] In general, a civil rights suit "is the proper vehicle to attack

---

[1] *Bivens* authorizes civil rights suits filed against federal agents or employees for a violation of fourth amendment rights. *Broadway v. Beck*, 694 F.2d 979, 985 (5th Cir.1982). A line of cases following *Bivens* has established "that a federal cause of action exists under the Constitution itself for certain constitutional violations, including deprivation of due process rights under the fifth amendment." *Id.* (citing *Davis v. Passman*, 442 U.S. 228, 99 S. Ct. 2264, 60 L. Ed. 2d 846 (1979)).

unconstitutional conditions of confinement and prison procedures. See *Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir.1994). A *habeas* petition, on the other hand, is the proper vehicle to seek release from custody. See *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir.1989)." *Carson v. Johnson*, 112 F.3d 818, 820. The Fifth Circuit has adopted a simple, bright-line rule for determining how to categorize such *pro se* pleadings: If "a favorable determination ... would not automatically entitle [the prisoner] to accelerated release," *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir.1995) (per curiam), *cert. denied*, 516 U.S. 1059, 116 S.Ct. 736, 133 L.Ed.2d 686 (1996), the proper vehicle is a civil rights suit.

Based upon a review of the pleadings herein, it is clear that petitioner has asserted a civil rights claim rather than a habeas claim. Specifically, his claims do not implicate the overall length of his confinement but only the conditions of his confinement. Thus, petitioner has failed to state a claim for which relief can be granted and this matter should be dismissed.[2]

---

[2] Petitioner may attempt to file a civil rights complaint. The court notes, however, that it does not appear that he has any basis for relief. Specifically, it has long been settled that an inmate has no federal constitutional right to any particular job or housing assignments once incarcerated. In *Sandin v. Connor*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995), the U.S. Supreme Court clarified when due process protections attach to the prison disciplinary process. The Court held that the Due Process Clause of the Fourteenth Amendment does not afford an inmate a protected liberty interest that would entitle the inmate to procedural protections in the disciplinary process when the maximum sanction the inmate could receive does not "present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest" and the duration of the prisoner's original sentence is not affected. *Sandin*, 515 U.S. at 486-87, 115 S. Ct. at 2301-02, 132 L. Ed. 2d 418. Under the guidance provided by *Sandin*, the Fifth Circuit has held that as a general rule, only sanctions which result in loss of good time credit or which otherwise directly and adversely affect release will implicate a constitutionally protected liberty interest. *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995). Moreover, in commenting on *Sandin*, the Fifth Circuit has noted that liberty interests which are protected by the Due Process Clause are generally limited to actions which affect the quantity of time rather than the quality of time served by a prisoner. *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). In coming to this conclusion, the court noted that the Supreme Court articulated the principle "that the Due Process Clause does not protect every change in the conditions of confinement which has a substantial adverse effect upon a prisoner." *Madison*, 104 F.3d 767 (citing *Sandin*, 515 U.S. at 478; 115 S. Ct. at 2297, 132 L. Ed. 2d 418)).

In the instant action, it does not appear that petitioner was deprived of any good time credits as a result of the disciplinary action. While the disciplinary action did cause him to lose his job and housing assignments, such restrictions do not impose an atypical, significant hardship on him in relation to the ordinary incidences of prison life.

Accordingly,

**IT IS RECOMMENDED THAT** this petition for writ of *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** as the petitioner has failed to state a claim and is otherwise not entitled to relief.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed in Chambers at Lake Charles, Louisiana, on the 5th day of November, 2008.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE